*E-FILED - 8/12/13*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN A MACGREGOR,<br>Plaintiff,<br>v.<br>DR. MARTIN, et al.,<br>Defendants. | ) | No. C 13-2309 RMW (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding pro se, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the court orders service upon defendants.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Plaintiff's Claims

Plaintiff alleges that, on October 18, 2005, while plaintiff was incarcerated at San Quentin State Prison ("SQSP"), Nurse Yan and Dr. Martin saw plaintiff in a "man down" emergency, looked at plaintiff's protruding hernia, and took plaintiff's vital signs. They did not treat or examine plaintiff's extreme pain. On November 1, 2005, plaintiff's "inginual hernia" on the left side of his genital again protruded out, and inmates nearby plaintiff's cell called for "man down." Correctional officers took plaintiff to the infirmary where Nurse Yan told them to put plaintiff in a holding tank to wait with other inmates who were waiting for treatment. At this point, plaintiff is curled up in a fetal position while holding his hand over his protruding hernia. After two hours, plaintiff asked Nurse Yan why he hasn't been seen by the doctor yet. Nurse Yan informed plaintiff that Dr. Martin would not see plaintiff because plaintiff was scheduled for surgery, and there was nothing that they can do. Plaintiff told Nurse Yan that this was the third time she and Dr. Martin have treated plaintiff like this. Nurse Yan responded that unless it was a life-threatening condition, they did not have to see plaintiff. On November 8, 2005, plaintiff told a correctional officer that his hernia had been protruding for over an hour and plaintiff was in extreme pain. Correctional Officer Graves called the infirmary about plaintiff and Nurse Yan and Dr. Martin again refused to see him. Liberally construed, plaintiff states a cognizable claim of deliberate indifference to serious medical needs.

On December 13, 2005, plaintiff was transferred from SQSP to High Desert State Prison, still awaiting his surgery. In his complaint, plaintiff makes similar claims against High Desert State Prison defendants Dr. Dial and G.W. James. However, because High Desert State Prison is in Susanville, California, which lies within the venue of the Eastern District of California, it is in the interests of justice and convenience of the parties for these claims to be pursued in the United

States District Court for the Eastern District of California. Therefore, defendants Dr. Dial and G.W. James are DISMISSED from this action, and petitioner may file a civil rights action in that venue if he wishes to pursue such claims.

**CONCLUSION**

For the foregoing reasons, the court orders:

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Dr. Martin and Nurse Yan** at **SQSP.**

The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, defendants shall file a

motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/12/13

Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN ANTHONY MACGREGOR,

Plaintiff,

v.

DOCTOR MARTIN MD et al,

Defendant.
_______________________________________/

Case Number: CV13-02309 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 12, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin A. MacGregor
V-94008
California State Prison - Solano
PO Box 4000
Vacaville, CA 95696

Dated: August 12, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN ANTHONY MACGREGOR,

Plaintiff,

v.

DOCTOR MARTIN MD et al,

Defendant.
______________________________________/

Case Number: CV13-02309 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 12, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin A. MacGregor
V-94008
California State Prison - Solano
PO Box 4000
Vacaville, CA 95696

Dated: August 12, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk