IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. MACGREGOR, | No. C 13-2309 RMW (PR) |
| Plaintiff, | ORDER OF SERVICE |
| v. | |
| DR. MARTIN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint against prison officials at San Quentin State Prison ("SQSP"), pursuant to 42 U.S.C. § 1983. The court ordered service of plaintiff's civil rights complaint upon defendants. (Docket No. 7.) Notices of lawsuit and requests for waiver of service of summons were returned for defendants Nurse Yan and Dr. Martin because the defendants were "not at San Quentin." (Docket Nos. 9 and 10.) On October 23, 2013, the court directed plaintiff to provide the court with an accurate and current location for defendants Martin and Yan. (Docket No. 12.) On January 9, 2014, plaintiff filed a response to the court's order indicating that defendants "Doctor Martin and Nurse A. Yan were employed at the San Quentin Neumillar Infirmary, between 2004 to approx. 2008." (Docket No. 23.)

On July 18, 2014, the court received a letter from SQSP Litigation Coordinator indicating that there was no employee known as Nurse A. Yan and that more identifying information was

1  needed.  (Docket No. 26.)  On September 24, 2014, the court issued an order directing plaintiff
2  to provide more identifying information for defendant Yan or risk defendant Yan being
3  dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.
4  Plaintiff has provided a response to the court's September 24, 2014 order indicating that Plaintiff
5  states that the correct spelling of the defendant's name is "Yin."  (Docket No. 36.)

## CONCLUSION

Based on the information provided, the court orders:

1. The clerk of the court to mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Nurse Yin** at San Quentin State Prison, Litigation Office.

2. Nurse Yin is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him/her to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, he/she will be required to bear the cost of such service unless good cause is shown for his/her failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **sixty (60) days** from the date the waiver is sent, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

Order of Service
P:\PRO-SE\RMW\CR.13\MacGregor309serve-yin.wpd   2

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendant shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN ANTHONY MACGREGOR,

        Plaintiff,

  v.

DR. MARTIN, et al,

        Defendant.

Case Number: CV13-02309 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 17, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin A. MacGregor V-94008
Bldg #A-5,240
High Desert State Prison
PO Box 3030
Susanville, CA 96127

Dated: December 17, 2014

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk