United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN A. MACGREGOR,

          Plaintiff,

      v.

M.D. MARTIN,

          Defendant.

Case No. C 13-2309 RMW (PR)

**ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF; GRANTING
DEFENDANT'S MOTION TO DISMISS**

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant Dr. M.D. Martin. Plaintiff claims that defendant was deliberately indifferent to his serious medical needs. Plaintiff has filed a motion for relief from the court's November 23, 2015 order to set aside default. Defendant has filed an opposition. Plaintiff has filed a reply, to which defendant has filed an objection. In addition, defendant has moved to dismiss the complaint as untimely. Although given an opportunity to respond, plaintiff has not filed an opposition. For the reasons stated below, plaintiff's motion for relief is DENIED, and defendant's motion to dismiss is GRANTED.[1]

---

[1] Defendant's motion to stay discovery is DENIED as moot.

Case No. C 13-2309 RMW (PR)
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF; GRANTING DEFENDANT'S MOTION TO DISMISS

1

United States District Court
Northern District of California

## FACTUAL BACKGROUND

According to the complaint, on October 18, 2005, while plaintiff was incarcerated at San Quentin State Prison ("SQSP"), Nurse Yan and defendant saw plaintiff because of a "man down" emergency.  They looked at plaintiff's protruding hernia, and took plaintiff's vital signs.  They did not treat or examine plaintiff's extreme pain.  On November 1, 2005, plaintiff's "inginual hernia" on the left side of his genital again protruded out, and inmates nearby plaintiff's cell called for "man down."  Correctional officers took plaintiff to the infirmary where Nurse Yan told them to put plaintiff in a holding tank to wait with other inmates who were waiting for treatment.  At this point, plaintiff is curled up in a fetal position while holding his hand over his protruding hernia.  After two hours, plaintiff asked Nurse Yan why he had not been seen by the doctor yet.  Nurse Yan informed plaintiff that defendant would not see plaintiff because plaintiff was scheduled for surgery, and there was nothing that they could do.  Plaintiff told Nurse Yan that this was the third time she and defendant had treated plaintiff like this.  Nurse Yan responded that unless it was a life-threatening condition, they did not have to see plaintiff.  On November 8, 2005, plaintiff told a correctional officer that his hernia had been protruding for over an hour and plaintiff was in extreme pain.  Correctional Officer Graves called the infirmary about plaintiff, and Nurse Yan and defendant again refused to see him.

## DISCUSSION

I.      Plaintiff's Motion for Relief from Judgment

Plaintiff has filed a motion for relief from judgment pursuant to Rule 60(b)(3) and 60(d)(3).  In particular, plaintiff wishes the court to reconsider its November 23, 2015 order granting defendant's motion to set aside default.  Though not a model of clarity, plaintiff appears to be arguing that the Attorney General's Office conspired with defendant to misrepresent to the court that defendant retired from SQSP.  Plaintiff suggests that it is possible that defendant was fired from SQSP, and if so, the Attorney General's Office could not legally represent defendant in

Case No. C 13-2309 RMW (PR)
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF; GRANTING DEFENDANT'S MOTION TO DISMISS

this case.

As an initial matter, because the November 23, 2015 order was not a final order or judgment, Rule 60 is inapplicable here.  Rather, Rule 54(b) is the relevant rule.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, plaintiff has not demonstrated satisfaction of any of these three factors to warrant reconsideration of the court's order.  In addition, for the reasons presented in defendant's opposition and objection, plaintiff's motion is DENIED.

II.    Defendant's Motion to Dismiss as Untimely

Defendant argues that plaintiff's complaint is untimely.  He proffers that this action occurred, at the latest, on November 8, 2005, the date upon which plaintiff submitted that defendant refused to see him.  Plaintiff's federal complaint was filed in May 2013.

Section 1983 does not contain its own limitations period.  The appropriate period is that of the forum state's statute of limitations for personal injury torts.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).  In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.  See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); see also Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which became applicable on January 1, 2003, is two years).  Thus, without tolling, if plaintiff's cause of action accrued in November 2005, plaintiff's federal complaint would be due in November 2007.

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life."  See Cal. Civ. Proc. Code §

United States District Court
Northern District of California

United States District Court
Northern District of California

352.1(a).  Thus, an inmate has four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment.  See Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004).  Tolling the statute an additional two years, therefore, plaintiff's federal complaint was due in November 2009.

The statute of limitations is also tolled for the period in which a prisoner administratively exhausted his underlying grievances, pursuant to the requirements of the PLRA.  See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").  Here, plaintiff has provided a copy of his administrative appeal to the first level of review.  That appeal is dated November 4, 2005.  (Dkt. No. 1-2 at 3.)  Plaintiff pursued his administrative remedies through to the Director's Level of Review, which responded to plaintiff on July 3, 2006.  (Dkt. No. 1-2 at 11.)  Tolling to account for plaintiff's exhaustion efforts thus gives plaintiff approximately eight additional months from November 2009.  Plaintiff's complaint was therefore due in July 2010.

There is no other indication that plaintiff is entitled to any other tolling.  Plaintiff's May 2013 federal complaint is therefore dismissed as untimely.

Normally, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  However, a district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint."  Adam v. Hawaii, 235 F.3d 1160, 1164 (9th Cir. 2001).  Put differently, futility of amendment frequently means that it is not factually possible for plaintiff to amend the complaint so as to cure the deficiencies.  See Schmier v. United States Court of Appeals, 279 F.3d 817, 824 (9th Cir. 2002).

Here, plaintiff asserted that he arrived at SQSP in September 2005, and transferred to High

Desert State Prison on December 13, 2005.  (Dkt. No. 1 at 18.)  There is no allegation that plaintiff had any further contact with defendant after November 2005.  Therefore, allowing plaintiff to amend his complaint against defendant would be futile.  See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (recognizing that the general rule that allows parties to amend their pleadings does not extend to cases in which an amendment would be an exercise in futility); Platt Elec. Supply, Inc. v. EoffElec. Inc., 522 F.3d 1049, 1060 (9th Cir. 2008) ("because Platt's claims are barred by the statute of limitations, any amendments would have been futile").

Accordingly, the dismissal is with prejudice, and leave to amend shall not be granted.

## CONCLUSION

Plaintiff's motion for relief from judgment is DENIED.  Defendant's motion to dismiss is GRANTED.  Plaintiff's complaint is dismissed with prejudice.  The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

DATED:   July 26, 2016

RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California